```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

FRANK M. KEANEY,                  :
                                  :
     Plaintiff,                   :
                                  :
V.                                :   CASE NO. 3:03-CV-1893 (RNC)
                                  :
EASTERN COMPUTER EXCHANGE, INC.,  :
ET AL.,                           :
                                  :
     Defendants.                  :
```

RULING AND ORDER

For the reasons stated below, defendants' motion for summary judgment (Doc. # 161) is denied in part and granted in part. The motion is denied as to all claims against defendants Lynch and Williams (breach of contract, breach of fiduciary duty, and unjust enrichment), and granted as to all claims against Eastern Computer Exchange, Inc.[1]

I.   Statute of Frauds

Plaintiff's breach of contract claim against defendants Lynch and Williams are not barred by the statute of frauds.[2] "[A]n oral contract that does not say, in express terms, that performance is to have a specific duration beyond one year is, as a matter of law, the functional equivalent of a contract of

---

[1] This motion is granted as to the claims against the corporate entity because it is not a party to the agreement on which the plaintiff's claims are based.

[2] Conn. Gen. Stat. § 52-550(a): "No civil action may be maintained in the following cases unless the agreement, or a memorandum of the agreement, is made in writing and signed by the party, or the agent of the party, to be charged: . . . (5) upon any agreement that is not to be performed within one year from the making thereof . . . ."

indefinite duration for the purposes of the statute of frauds." C.R. Klewin, Inc. v. Flagship Props., 220 Conn. 569, 583 (1991). As such, it "is enforceable because it is outside the proscriptive force of the statute regardless of how long completion of performance will actually take." Id. at 584. Based on the record before the court, the oral contract at issue had no fixed term. See Pagano v. Ippoliti, 245 Conn. 640, 647-48 (1998) ("[S]tatute of frauds not violated by contracts of uncertain or indefinite duration or by contracts containing no express terms defining time for performance" (citing C.R. Klewin, Inc., 220 Conn. at 579)).

II. Statute of Limitations

Nor is plaintiff's claim against defendants Lynch and Williams barred by the relevant statutes of limitations. The parties disagree as to whether the claim is governed by Conn. Gen. Stat. § 52-576, the six-year statute of limitations applicable to executed oral contracts, or Conn. Gen. Stat. § 52-581, the three-year statute of limitations that applies to executory oral contracts. See John H. Kolb & Sons, Inc. v. G & L Excavating, 76 Conn. App. 599, 609-10 (2003). There is no need to resolve this dispute because there is a genuine issue of material fact regarding fraudulent concealment. See Martinelli v. Bridgeport Roman Catholic Diocesan Corp., 989 F. Supp. 110, 117 (D. Conn. 1997) ("[T]he ultimate trier of fact might well reject plaintiff's account of when he became aware of his cause of action, of the nature of the obligations owed to him by

[defendants], and of [defendants'] actions and intentions. However, plaintiff has at least succeeded in demonstrating there to be genuine, material factual disputes relating to fraudulent concealment.").[3]

Conn. Gen. Stat. § 52-595 provides that "[i]f any person, liable to an action by another, fraudulently conceals from him the existence of the cause of such action, such cause of action shall be deemed to accrue against such person so liable therefor at the time when the person entitled to sue thereon first discovers its existence."  To obtain the benefit of tolling, plaintiff must show that the defendants knew of the facts necessary to establish his cause of action; intentionally concealed these facts from him; and did so for the purpose of delaying his filing of a complaint.  See Bartone v. Robert L. Day Co., 232 Conn. 527, 533 (1995).  Moreover, to avoid waiver under Connecticut law, plaintiff must have alleged facts to support a theory of fraudulent concealment in his complaint or in reply to defendants' statute of limitations defense.  Amoco Oil Co. v. Liberty Auto & Elec. Co., 262 Conn. 142, 154 (2002).[4]

---

[3] In the absence of tolling due to fraudulent concealment, plaintiff's claim for breach of contract would appear to be time-barred.  A breach of contract action accrues at the "first point in time that [plaintiff] sustained a loss," thereby triggering a right to maintain an action.  Amoco Oil Co. v. Liberty Auto & Elec. Co., 262 Conn. 142, 154 (2002).  Inasmuch as plaintiff has alleged that, on information and belief, Lynch and Williams have failed to remit payments to him for his one-third share since October 1996 (Compl. ¶ 28), his breach of contract action appears to have accrued in 1996.  The complaint was not filed until November 2003.

[4] In a diversity case, state law, rather than federal law, governs "not only the limitations period but also the commencement

Plaintiff did not file a reply to defendants' answer, in which they asserted the statute of limitations defense.  However, his complaint alleges that the defendants knew he was not being paid his share (Compl. ¶¶ 26-27), and intentionally concealed this from him (Compl. ¶ 37).  In addition, plaintiff has raised a genuine issue of material fact as to whether the oral agreement he entered into with the defendants was a partnership agreement giving rise to a fiduciary duty of disclosure. See Fenn v. Yale Univ., 283 F. Supp. 2d 615, 636-37 (D. Conn. 2003) ("Although the fraudulent concealment tolling statute generally requires an affirmative act of concealment beyond mere silence, non-disclosures are sufficient where . . . the defendant is under a fiduciary duty to disclose material facts."); see also Martinelli, 989 F. Supp. at 116.  With regard to the purpose of defendants' alleged concealment, "a reasonable inference that a defendant's acts of concealment were aimed at delaying or preventing legal action is a recognized basis upon which to toll the statute of limitations."  Fenn, 283 F. Supp. 2d at 637; see also Martinelli, 989 F. Supp. at 115.  The defendants' deposition testimony in Madison Remarketing, Inc. v. EMC Corp., viewed in a manner most favorable to the plaintiff, reasonably supports such an inference. Accordingly, defendants' motion for summary

---

of the limitations period."  Cantor Fitzgerald Inc. v. Lutnick, 313 F.3d 704, 709-10 (2d Cir. 2002); see also Schmidt v. Devino, 106 F. Supp. 2d 345, 350 (D. Conn. 2000) (applying Connecticut's fraudulent concealment doctrine because "questions of tolling and application[] . . . are governed by state law" (quotation omitted) (alteration in original)).

judgment based on the relevant statutes of limitations is denied.

III. The Merits

As mentioned above, the record raises a genuine issue of material fact as to whether the parties entered into an agreement giving rise to fiduciary duties.  The following pieces of evidence support this conclusion:  Williams Dep. in the Madison Remarketing case, Oct. 7, 1999, Ex. E to PSOF, at 10 ("[Keaney has] joined us recently.  He's a third owner now, correct."), 11 ("Q: Did [Keaney] own stock in the company? . . . A: Yes.  He's a third owner, correct.  Q: Is he a stockholder?  A: He's not a stockholder.  He's a third owner.  Q: What's the difference between a part owner and a stockholder?  A: We have, as far as revenue, he's considered an owner."), 13 ("Q: Why did you take in Mr. Keaney as a part owner of the company?" . . . A: To help us with – we were building a retail sales force.  And with his expertise, we wanted to have his expertise."); Lynch Dep. in the Madison Remarketing case, Oct. 12, 1999, Ex. F to PSOF, at 63-64 ("Q: Did Frank Keaney own any portion of your company? . . . A: Frank is an owner.  Q: Does he own 1/3 of your company? . . . A: Yes.); Fortune Aff. ¶ 5, Ex. I to PSOF ("On one or more occasions, while I was in the presence of Frank Keaney, Brendan Lynch, and Barry Williams, Brendan Lynch and Barry Williams stated directly to me that Frank Keaney is a one-third (1/3) owner of Eastern Computer Exchange, Inc."); Fortune Dep., Nov. 4, 2004, Ex. O to PSOF, at 65 ("[Keaney] asked me if I remembered the meetings where the one-third ownership would come up.  I said

I did."); Keaney Dep. in the Madison Remarketing case, Oct. 7, 1999, Ex. G to PSOF, at 19 ("I'm part owner of Eastern"), 20 ("They declared me a part owner of Eastern. . . Q: This is all an oral arrangement?  A: Yes, it is.  Q: What part owner are you of Eastern?  A: I'm a third."), 37 ("Q: When you became an owner, who approached you to become an owner or did you approach somebody else?  A: I was approached by Barry and Brendan.").

If a jury were to find that the parties entered into such a contract, it could go on to find in favor of the plaintiff on his claims for breach of contract and breach of fiduciary duty.

Plaintiff's unjust enrichment claim also survives the defendants' motion for summary judgment.  "Unjust enrichment applies whenever 'justice requires compensation to be given for property or services rendered under a contract, and no remedy is available by an action on the contract.'"  Gagne v. Vaccaro, 255 Conn. 390, 401 (2001) (quoting 12 S. Williston, Contracts § 1479, at 272 (3d ed. 1970)).  As a doctrine, it is "based on the postulate that it is contrary to equity and fairness for a defendant to retain a benefit at the expense of the plaintiff." Id.  In light of the evidence adduced by the parties, a genuine issue of material fact exists as to whether Lynch and Williams unjustly failed to pay the plaintiff for valuable services.[5]

---

[5] Plaintiff's breach of contract claim can coexist with his unjust enrichment claim, even though unjust enrichment applies in "situations where no express contract has been entered into by the parties."  Burns v. Koellmer, 11 Conn. App. 375, 385-86 (1987). When incompatible theories are alleged, "it is for the trier of fact to determine whether the plaintiff has proved both, neither, or but one of them."  Id.

IV. <u>Conclusion</u>

    For the foregoing reasons, the motion for summary judgment (Doc. #161) is hereby denied in part and granted in part.

    So ordered.

    Dated at Hartford, Connecticut this 31st day of March, 2006

```
                              _____/s/_____
                                   Robert N. Chatigny
                                United States District Judge
```