UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FRANK M. KEANEY,                        :
                                        :
     Plaintiff,                         :
                                        :
V.                                      :   CASE NO. 3:03cv1893 (RNC)
                                        :
BRENDAN LYNCH, BARRY WILLIAMS,          :
                                        :
     Defendants.                        :

RULING AND ORDER

     Defendants have moved for reconsideration of the court's

ruling denying summary judgment.  They also ask the court to

certify a question to the Connecticut Supreme Court on the issue

of de facto partnership.  The motion for reconsideration is

granted, and the court adheres to its previous ruling on

reconsideration.  The motion to certify a question to the

Connecticut Supreme Court is denied.

Motion for Reconsideration

     The standard for granting a motion for reconsideration is

strict.  Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.

1995).  "A motion for reconsideration may not be used to plug

gaps in an original argument or to argue in the alternative once

a decision has been made."  Lopez v. Smiley, 375 F. Supp. 2d 19,

21-22 (D. Conn. 2005) (quoting Horsehead Res. Dev. Co. v. B.U.S.

Envtl. Servs., Inc., 928 F. Supp. 287, 289 (S.D.N.Y. 1996)).

Likewise, a motion for reconsideration is not an opportunity to

1

relitigate issues already decided.  Id. at 22.  A motion for

reconsideration should be granted only if the moving party

"point[s] to controlling decisions or data that the court

overlooked – matters, in other words, that might reasonably be

expected to alter the conclusion reached by the court."  Shrader,

70 F.3d at 257.

Defendants first contend that the court failed to apply the

Bartomeli "factors" in deciding whether plaintiff had produced

evidence of a de facto partnership.  In Bartomeli v. Bartomeli,

65 Conn. App. 408 (2001), the Connecticut Appellate Court held

that a corporation's shareholders may enter an agreement with a

third party resulting in a de facto partnership.  Id. at 413-14.

The Appellate Court found sufficient evidence of a de facto

partnership from the superior court's findings that (1) the

parties worked for the company, (2) the parties contributed

personal assets, (2) the parties guaranteed notes on behalf of

the company, (4) the defendant introduced the plaintiff as his

partner, and (5) the parties attempted to agree to a division of

company assets when the defendant "fired" the plaintiff.  Id.

Contrary to defendants' assertions, the Court did not hold these

particular facts to be required "factors" of a de facto

partnership.  This court has found no opinion strictly applying

the Bartomeli facts as "factors" of a de facto partnership.  The

defendants' deposition testimony in the Madison Remarketing case

provides adequate evidence to support an inference of a de facto agreement between plaintiff and defendants to form "an association of two or more persons to carry on as co-owners a business for profit."  Conn. Gen. Stat. § 34-301(9).

Defendants next dispute the court's ruling that plaintiff raised genuine issues of material fact on the issue of fraudulent concealment.  Defendants argue generally that plaintiff failed to present adequate evidence of fraudulent concealment.  The court resolved this issue in favor of plaintiff in its ruling, and defendants have identified no case law or evidence overlooked by the court.

More specifically, defendants argue that the court's ruling erroneously relied on acts of concealment occurring more than three years before the commencement of this case.  According to Conn. Gen. Stat. § 52-595, when a defendant fraudulently conceals the existence of a cause of action from a plaintiff, the cause of action accrues only when the plaintiff first discovers its existence.  A defendant's failure to disclose the existence of a cause of action may constitute fraudulent concealment when the defendant has a fiduciary duty to disclose material facts.  See, e.g., Fenn v. Yale Univ., 283 F. Supp. 2d 615, 636-37 (D. Conn. 2003).  By its language, Conn. Gen. Stat. § 52-595 provides that the cause of action accrues when the plaintiff learns of the cause of action – not when the act of concealment (or failure to

disclose while under a fiduciary duty to do so) occurs.  However,
defendant relies on <u>Willow Springs Condo. Ass'n, Inc. v. Seventh</u>
<u>BRT Dev. Corp.</u>, 245 Conn. 1 (1998), for the proposition that the
acts of concealment must have occurred no more than three years
(or the relevant statute of limitations period) before the filing
of the action.[1]  In <u>Willow Springs Condo. Ass'n, Inc.</u>, the
Connecticut Supreme Court stated only that fraudulent acts of
concealment alleged to have constituted a violation of the
Connecticut Unfair Trade Practices Act (CUTPA) did not toll the
statute of limitations on the CUTPA claim if they occurred more
than three years before the filing of the action.  <u>See</u> <u>id.</u> at 46.
The Court did not explicitly hold that acts of concealment
occurring more than three years before the filing of an action
would not toll the statute of limitations on an unrelated claim
even if the plaintiff brought the case within the requisite
period after learning of the cause of action.

I need not determine whether defendants' reading of this
case is correct.  It is plain from the record that plaintiff
adduced evidence that he did not discover the cause of action
until October or November 2003, giving rise to a reasonable
inference that the acts of concealment – that is, the defendants'
failure to disclose material information while under a fiduciary

---

[1]  <u>See</u> <u>Izzarelli v. R.J. Reynolds Tobacco Co.</u>, 117 F. Supp.
2d 167, 177 (D. Conn. 2000) (applying <u>Willow Springs Condo.</u>
<u>Ass'n, Inc.</u> in this way).

duty to do so – were occurring until that time.  See Defs.' Ex. F
at 92-94 (suggesting that defendants led plaintiff to believe
that he was receiving a one-third share until October or November
2003).  Accordingly, the court adheres to its previous ruling
that plaintiff's evidence raised genuine issues of material fact
as to the fraudulent concealment issue.

Motion to Certify Question

     Defendants also request that the court certify to the
Connecticut Supreme Court the following question:

> Whether under Connecticut law, evidence that: (1) the
> parties worked for the same corporation; and, (2) the
> two stockholders made a representation that a non-
> stockholder was a one-third owner would support a
> jury's finding of a de facto partnership such that the
> non-stockholder would be entitled to one-third of the
> profits of the corporation with no downside?

A district court may certify a question of law to the Connecticut
Supreme Court "if the answer may be determinative of an issue in
pending litigation in the certifying court and if there is no
controlling appellate decision, constitutional provision or
statute of this state."  Conn. Gen. Stat. § 51-199b(d).
Defendants are not asking the court to certify a novel question
of law to the Connecticut Supreme Court; rather, they are seeking
to have the Connecticut Supreme Court apply existing appellate
case law to the facts of this case.  According, certification
would be improper.

Conclusion

    For the foregoing reasons, defendants' motion for
reconsideration and to certify a question to the Connecticut
Supreme Court [Doc. #178] is hereby granted in part and denied in
part.  On reconsideration, the court adheres to its previous
ruling.

    So ordered.

    Dated at Hartford, Connecticut this ___ day of August 2006.


                              _____/s/_____
                                  Robert N. Chatigny
                              United States District Judge