**United States District Court**
DISTRICT OF CONNECTICUT

---

FRANK M. KEANEY
Plaintiff,

v.

December 18, 2006                      3:03 CV 1893 (RNC)

EASTERN COMPUTER EXCHANGE, INC.,
BRENDAN LYNCH, individually,
and
BARRY WILLIAMS, individually,
Defendants.

---

**JOINT TRIAL MEMORANDUM**

---

The plaintiff Frank M. Keaney ("Keaney") and the defendants Brendan Lynch ("Lynch") and Barry Williams ("Williams") hereby submit the following Joint Trial Memorandum. Defendant Eastern Computer Exchange, Inc. ("ECEI") was dismissed by summary judgment.

1.     **TRIAL COUNSEL.**

        Plaintiff:         Evan T. Lawson (ct12214)
                            Kathryn E. Pieczarka (will be filing Motion for Pro Hac Vice Admission through local counsel's office)
                            Lawson & Weitzen, LLP
                            88 Black Falcon Avenue, Suite 345
                            Boston, MA 02210
                            617-439-4990

                            Robert E. Kaelin (ct11631)
                            Murtha, Cullina, Richter and Pinney
                            Cityplace I, 185 Asylum Street
                            Hartford, CT 06103-3469
                            (860) 240-6036

        Defendants:    Ann Grunbeck Monaghan (ct16745)
                            Gould, Gillin & Monaghan, PC
                            222 Old Boston Post Road
                            Old Saybrook, CT 06475
                            860-388-0876

Jeffrey S. Beeler (ct26235) (Admitted Pro Hac Vice)
Heinlein & Beeler, PC
207 Union Street
S. Natick, MA 01760
508-388-2642

**2.     JURISDICTION.**

Jurisdiction is based on 28 U.S.C. §1332(a) in that the matter in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000) exclusive of interest and costs, and is between citizens of different states.

**3.     JURY/NON-JURY.**

This is a jury case.

**4.     NATURE OF CASE.**

The plaintiff is Frank M. Keaney, a resident of Florida. The defendants are Brendan Lynch and Barry Williams, both of whom are residents of Connecticut. In this case, Mr. Keaney alleges that Mr. Lynch and Mr. Williams entered into an oral agreement with him whereby he would be entitled to receive one-third of all of the profits of Eastern Computer Exchange, Inc., which is a Connecticut corporation with its principal place of business at 105 Cascade Boulevard, Milford, Connecticut. Eastern Computer Exchange, Inc. markets, sells, and distributes computer data storage equipment, hardware, and software for use by companies throughout the United States. Mr. Keaney claims breach of contract, breach of fiduciary duty, and unjust enrichment against Mr. Lynch and Mr. Williams, alleging they failed to pay him the one-third share of profits of Eastern Computer Exchange, Inc. Mr. Lynch and Mr. Williams dispute that the alleged agreement between them and Mr. Keaney ever existed.

**5.     STIPULATIONS OF FACT AND LAW.**

    1.     Plaintiff, Frank M. Keaney, is a citizen of the State of Florida.

2. Defendant, Brendan Lynch, is a citizen of the State of Connecticut.

3. Defendant, Barry Williams, is a citizen of the State of Connecticut.

4. Eastern Computer Exchange, Inc. ("ECEI") is a Connecticut corporation with a principal place of business at 105 Cascade Boulevard, Milford, Connecticut. Eastern markets, sells, and distributes computer data storage equipment, hardware, and software for use by companies throughout the United States.

5. Since 1993, Lynch and Williams have been the shareholders of ECEI.

6. From July 1997 through July 1999, Keaney's compensation was reported by ECEI on a W-2 form.

7. From July 1997 through July 1999, Keaney reported all monies received from ECEI as wages on his tax returns.

8. In August 2003, Lynch and Williams stopped payment on a check remitted to Keaney in the amount of fifty thousand ($50,000) dollars.

9. In August 2003, Keaney terminated his relationship with Eastern.

10. On November 5, 2003, Keaney filed a Complaint, which resulted in this action.

6. **PLAINTIFF'S FACTUAL CONTENTIONS.**

**Breach of Contract**

Keaney alleges that individual defendants Lynch and Williams entered into an agreement with him where the three partners would split the profits from Eastern Computer Exchange, Inc. ("Eastern") equally. This agreement is memorialized in deposition testimony from another case, entitled *Madison Remarketing, Inc. v. EMC Corporation*, where Lynch, Keaney and Williams, as representatives of Eastern Computer Exchange, Inc., were non-party witnesses in 1999. During their depositions, the three individuals confirmed that, indeed, an agreement existed whereby

Keaney was entitled to one-third of Eastern's profits. Lynch and Williams defined Keaney's ownership interest in Eastern as not a stockholder, but an owner "having the right to participate in 1/3 of the profits." In exchange for the right to participate in 1/3 of the profits of Eastern, Keaney provided Lynch and Williams with business development knowledge and expertise. Further, the three individuals referred to themselves as "Principals," which is evidenced by their business cards. Indeed, a review of the payments from Eastern Computer Exchange, Inc. to Keaney evidence lump sum profit payments. It was only when Lynch and Williams cancelled a $50,000 check to Keaney in the fall of 2003 that he began to question the veracity of the payments from Eastern and whether they amounted to his promised one-third of Eastern's profits.

Faced with their *Madison Remarketing* deposition testimony, Lynch and Williams have changed their position several times during the case. When this case began, Williams and Lynch submitted affidavits to this Court that stated an agreement never existed with Keaney (attached as exhibits to *Plaintiff's Opposition to Defendants' Motion to Dismiss*). However, once confronted with the deposition testimony from the *Madison Remarketing* case, they admitted that Keaney was entitled to one-third of Eastern's profits, but limited the profits to recovering a deficit with EMC Corporation, an Eastern client. Then, Lynch and Williams were deposed in this case where they admitted that Keaney was entitled to one-third of Eastern's profits but changed the issue to be which "Eastern" company his interest is in: Eastern Computer Exchange, Ltd. (a UK company) or Eastern Computer Exchange, Inc. (a US corporation). However, Lynch and Williams emphatically stressed that Keaney is a one-third shareholder of "Limited" yet deny he is a shareholder of "Inc." Therefore, Lynch and Williams could not possibly have been talking about "Limited" during the *Madison Remarketing* depositions because they were careful

4

to state that Keaney was not a shareholder but, rather, his ownership was limited to receiving one-third of Eastern's profits. Further, Keaney testified in this case that "Inc." owned "Limited"; and, indeed, the accounting records of "Inc." show payments made for UK taxes and one employee.

The evidence overwhelmingly shows that there was an agreement between Lynch, Williams and Keaney to share one-third of Eastern's profits. The evidence also shows that Lynch and Williams breached that agreement by deliberately and knowingly failed to remit payments to Keaney that accurately reflected 1/3 of all of Eastern's profits. When a profit analysis was performed by Keaney's expert, it revealed that he is owed somewhere between $1 million and $6 million, depending on how the fact finder defines and calculates "profits." Keaney's expert has opined that the customary and reasonable method of analysis used by accountants in his field results in $1.8 million due and owing to Keaney for his remaining share of the profits.

**Breach of Fiduciary Duty (Lynch, Williams)**

Keaney claims that both Lynch and Williams have common law and statutory fiduciary duties to him, which require certain standards of conduct in their actions as corporate directors, officers and partners. Lynch and Williams have breached those duties by (a) receiving secret profits from Eastern Computer Exchange, Inc. without Keaney's knowledge or consent; (b) usurping Keaney's rights to receive one-third of all of the profits of Eastern Computer Exchange, Inc.; (c) self-dealing funds from Eastern Computer Exchange, Inc.; and (d) not acting in good faith.

In their motion to dismiss, the Defendants denied Keaney's claim for breach of fiduciary duty because, in their view, Keaney is not an owner, shareholder, or partner, which would give

rise to fiduciary duties. However, in the *Madison Remarketing* depositions, they explicitly testified under oath that Keaney owns one-third of Eastern but his ownership consisted of the right to receive one-third of Eastern's profits. Because the evidence establishes that Keaney had an agreement with Lynch and Williams to receive one-third of Eastern's profits, a fiduciary relationship exists between the parties. Further, Keaney alleges that both Williams and Lynch deliberately and knowingly accepted secret profits in excess of the amount they represented to Keaney as one-third of Eastern's profits, which constitutes self-dealing. He alleges that Lynch and Williams usurped his rights as a one-third owner and engaged in additional forms of self-dealing. In addition, he alleges that Lynch and Williams did not act in good faith. During the course of the partnership, Keaney was responsible for building the retail sales force and recruiting while Williams and Lynch were responsible for the sales and finances. At all times relevant to his claims, Keaney relied on and trusted Williams and Lynch to honestly and accurately maintain the finances, profits and revenues of Eastern. Keaney will testify that he believed that he was receiving one-third of Eastern's profits because he trusted Lynch and Williams. By making payments to Keaney from Eastern after the agreement was established, Lynch and Williams were representing that they were paying Keaney his one-third share of the profits. Keaney's expert report shows that he did not receive one-third of Eastern's profits. As a result of these breaches, Keaney claims damages, ranging from $1 million to $6 million, depending on how the fact finder defines and calculates "profits."

**Unjust Enrichment (Lynch, Williams)**

By wrongfully withholding funds that are due and owing to Keaney, Lynch and Williams have been unjustly enriched at the expense of Keaney. For years, Keaney developed business plans, compensation plans, and essentially built the sales force of Eastern, and yet the

6

Defendants amazingly argue that Keaney's expertise was of no benefit to Williams and Lynch. In fact, Williams has admitted that, indeed, the Defendants needed Keaney's expertise to build a retail sales force. Beyond the testimony of Keaney himself, this is evidenced by Williams' and Lynch's attorney in the New York court during the contempt hearing in an attempt to suppress the *Madison Remarketing* deposition testimony, where he stated as follows:

> Mr. Keaney was instrumental in Eastern Computer Exchange's ability to get into these corporations. My clients, Your Honor, at the time were 31 and 32 years old. They were young men. I need not tell you that youth is a barrier to entry to just about every market. Mr. Keaney was in the parlance of the industry, "the gray hair," and came on as an employee. An officer of the corporation he was able to go in and make these contacts. My clients were able to close deals. Mr. Keaney's representations about his role and Eastern Computer Exchange were very important to my client's ability to make these deals.
> THE COURT: And his representations were that he was an owner, he was a partner.
> MR. LICHTENFELS: No, Your Honor, his representations were that he was principal.

By failing to compensate Keaney for his expertise and one-third ownership, Lynch and Williams were unjustly enriched to Keaney's detriment. Further, when Keaney joined Eastern, Inc., its profits increased significantly as evidenced by the profits that Lynch and Williams extracted. The excessive profits that Lynch and Williams took out of Eastern without Keaney's knowledge or consent are detailed in Keaney's expert report. As a result of this unjust enrichment, Keaney claims damages, ranging from $1 million to $6 million, depending on how the fact finder defines and calculates "profits."

7.   **DEFENDANTS' FACTUAL CONTENTIONS.**

Since 1993, Barry Williams and Brendan Lynch have been the shareholders of Eastern Computer Exchange, Inc. ("ECEI"), each holding one share of stock representing a 50% interest. In 1997, ECEI hired Frank Keaney as the Vice President of Sales, largely due to his prior work

experience at EMC Corporation. His salary was comprised of two components: a base salary and a one-third commission on what he recovered on the EMC brokerage deficit. Thereafter, Keaney received bi-monthly checks for his base salary and unscheduled bonus checks representing his commission on recouping the deficit on the brokerage business. From July 1997 through July 1999, Keaney's compensation was reported by ECEI as employee compensation on a W-2 form and by Keaney as wages on his tax returns. In July 1999, Keaney retired from his position as Vice President of Sales and became a consultant for ECEI through his company, FMK Associates, Inc., which was paid by ECEI as a 1099 consultant. In December 2000/January 2001, the approximate $5 million dollar deficit with EMC had been recouped and Keaney did not receive any commission payments from January 2000 until August 2003. In August 2003, Keaney "withdrew" from ECEI, upset about a business deal that had gone into bankruptcy. In total, Keaney received over $3.5 million as compensation from ECEI for his efforts. Unhappy, Keaney instituted this lawsuit by Complaint dated November 5, 2003.

### (1.) Breach of Contract - Oral Partnership Agreement

This case hinges upon whether the Plaintiff can prove that the parties entered into an enforceable oral partnership agreement to share in the profits of ECEI. A "partnership" generally is defined as "the association of two or more persons to carry on as co-owners of a business for profit . . . . " Conn. Gen. Stat. § 34-44 (1996). There are three essential elements to examine in determining whether a partnership exists, namely: (1) the intention of the individuals to be partners to engage in a continuing business, such as in a trade, occupation or profession, with the objective of earning a profit; (2) that they stand as principal and agent in relation to one another; and (3) that they agree to share profits and losses. Greenhouse v. Zempsky, 153 Conn. 501, 504-05 (1966); see generally, 59A Am. Jur. 2d, Partnership; Bromberg and Ribstein on

Partnership, Alan Bromberg and Larry Ribstein, Chapter 2 (2002). Keaney will not be able to prove that there was a "meeting of the minds" any of these elements, all essential to proving the existence of an enforceable contract.

Indeed, during the course of this litigation, Keaney's version of this "deal" has morphed through at least three (3) distinct versions in an effort to surmount the various hurdles along the way. As far as the Defendants are aware, in his most recent version, Keaney claims that he entered into an oral agreement in which he is a one-third (1/3) participant in ECEI's cash flow or profit (whichever yields him more) and he has no "downside" on the deal - meaning that he would not be responsible for any losses nor would he be required to make any investment in or loans to the company nor would he have to sign personal guarantees for all loans made by third-parties. Thus, by his own admission, he cannot fulfill requirements (2) and (3) necessary to form a partnership.

Further, he cannot point to a single document that memorializes or even avers to this "deal," despite the fact that Keaney was and is a successful businessman whose net worth exceeds $14 Million; has ownership interests in numerous other entities (all of which are well documented); and admits that he knew of the value and necessity of ensuring that important business deals be committed to writing. Indeed, all compensation received by Keaney was reported as income on a W-2 form or as an independent contractor through his company, FMK Associates, on a 1099. The evidence proffered to support his claims consists of: (1) his testimony; (2) his best friend's testimony; and, (3) testimony of the Defendants in a separate suit that Keaney misconstrues and takes out of context. This evidence is extremely weak.

The Defendants have alleged special defenses to the Plaintiff's claims all of which are fatal to the Plaintiff's claims. First, the Defendants have alleged that the alleged agreement

violates the statute of frauds, Conn. Gen. Stat. § 52-550(a). Keaney has admitted that his alleged contract for 1/3 of the profits of ECEI was oral and he has no writing signed by the Defendants evidencing such an arrangement. Keaney testified that this purported contract involved millions of dollars and would require years of effort.

Second, these claims are barred by the three-year statute of limitation for oral contracts. Plaintiff claims that the parties entered into an oral agreement in October 1996 to immediately become an owner of ECEI. This lawsuit was not initiated until November 2003 - over seven (7) years later. Thus, the Plaintiff's claims are barred. The Plaintiff may attempt to argue that the running of the statute is tolled on the basis of fraudulent concealment. However, Keaney did not affirmatively plead Conn. Gen. Stat. § 52-595 in response to the Defendants' special defense as required under Connecticut law.

### (2.) Breach of Fiduciary Duty

Count Five alleges breach of fiduciary duty by Lynch and Williams, apparently based on the statutory imposition of fiduciary duty on a partner. Under Connecticut law, a "fiduciary or confidential relationship is characterized by a unique degree of trust and confidence between the parties, one of whom has superior knowledge, skill or expertise and is under a duty to represent the interests of the other." (internal quotation marks omitted) Konover Dev. Corp. v. Zeller, 228 Conn. 206, 219, 635 A.2d 798 (1994). Obviously, the Defendants claim that there was no such partnership agreement. Further, Keaney will be unable to prove the existence of any relationship rising to the level of trust and confidence required to sustain a claim of fiduciary duty. Keaney is a highly-sophisticated businessman with years of high-level experience and a net worth of $14 million. He understands the importance of putting things in writing and has had all prior and

subsequent business dealings in writing. Given his admitted business acumen, he will be unable to establish a fiduciary relationship.

The Defendants have also raised the statute of limitations as a defense to this claim under the three-year statute for tort-based causes of action. See Conn. Gen. Stat. § 52-577. Plaintiff alleges that the Defendants breached their fiduciary duties since October 1996 and this lawsuit was not commenced until November 5, 2003.

8. **LEGAL ISSUES.**

   A. **Plaintiff's Legal Issues.**

   1. Whether Lynch and Williams' agreement with Keaney whereby he would received one-third (1/3) of all of the profits of Eastern Computer Exchange, Inc. created a partnership, giving rise to fiduciary duties, as a matter of Connecticut law.

   B. **Defendants' Legal Issues.**

   1. Whether the Plaintiff can establish the necessary meeting of the minds on the essential elements required to establish a partnership contract under Connecticut law.

   2. Whether Connecticut law mandates that in order to form a partnership contract the following essential elements must exist: (1) the intention of the individuals to be partners to engage in a continuing business, such as in a trade, occupation or profession, with the objective of earning a profit; (2) that they stand as principal and agent in relation to one another; and (3) that they agree to share profits and losses. Greenhouse v. Zempsky, 153 Conn. 501, 504-05 (1966); see generally, 59A Am. Jur. 2d, Partnership; Bromberg and Ribstein on Partnership, Alan Bromberg and Larry Ribstein, Chapter 2 (2002).

   3. Whether, as a matter of Connecticut law, Mr. Keaney's admitted position that he had an oral partnership with the Defendants for 1/3 of the profits of ECEI with no downside, leads to the inexorable conclusion that the parties could not have had an oral partnership which necessarily entails the sharing of profits and losses.

   4. Whether the trial should be bifurcated to allow an initial determination as to whether or not there was an enforceable contract.

   5. Whether, as a matter of Connecticut law, the Plaintiff can establish the necessary elements, under the facts of this case, to establish a de facto partnership.