United States District Court
DISTRICT OF CONNECTICUT

---

FRANK M. KEANEY
Plaintiff,

v.

EASTERN COMPUTER EXCHANGE, INC.,
BRENDAN LYNCH, individually,
and
BARRY WILLIAMS, individually,
Defendants.

---

December 18, 2006

3:03 CV 1893 (RNC)

---

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

---

Plaintiff Frank M. Keaney hereby submits the following set of proposed jury instructions.

**Breach of Contract**

1. To sustain his claim for breach of contract, Mr. Keaney must prove that:

    (1) Lynch and Williams made an agreement with him;
    (2) He performed his obligations under the agreement;
    (3) Lynch and Williams did not perform one or more of their obligations under the agreement;
    (4) Mr. Keaney suffered resulting damage.

    *Rosato v. Mascardo*, 82 Conn.App. 386, 411 (2004). *Chem-Tek, Inc. v. General Motors Corp.*, 816 F.Supp. 123, 131 (1993). *Geary v. Wentworth Laboratories, Inc.*, 60 Conn.App. 622, 627-28, 760 A.2d 969 (2000).

2. Intent to be legally bound is not essential; all that is essential is the intent to say the words that form the agreement. *Id.*; see also, 2 Williston, Contracts (4th Ed.) 15-19, § 6:3; Restatement (Second) of Contracts § 19.

3. If you determine that an agreement was formed, you must determine the terms of the agreement. An agreement is not rendered unenforceable merely because it does not specify a term. You may enforce an agreement if you can ascertain the missing terms, either from the agreement itself or by what the agreement fairly implies. *Presidential Capital Corp. v. Reale*, 231 Conn.App.36, 41, 652 A.2d 489 (1994); see *Meany v. Connecticut Hospital Assn., Inc.*, 250 Conn. 500, 521, 735 A.2d 813 (1999).

4. The Connecticut courts have not established a specific accounting method to be used to calculate profit. You must determine the appropriate method to be used to calculate profit. In the absence of a specific agreement, you may look to industry practice or the parties' course of dealing to determine how profit should be calculated. *Willow Funding Co. v. Grencom Associates*, 63 Conn.App. 832, 844 (2001). See also, *McLean v. Continental Wingate Co., Inc.*, 212 Ga App. 356, 442 S.E.2d 276 (1994) (agreement which did not contain a formula for calculation of profit was not too vague to be enforceable and the method was determined based on the parties' past dealings); *Winslow v. Corporate Express, Inc.*, 364 N.J.Super. 128, 834 A.2d 1037, 1044 (2003) (court did not need to consider industry practice for method of determining gross profits where the amount could be determined based on course of dealing).

5. When an agreement is indefinite in duration, it can be terminated by either party." Restatement (Second), Contract, § 33(d), p. 94 (1981). See also, 1 S. Williston, Contracts (4th Ed.1990) § 4.19, p. 443-44 (determining that "a promise contemplating continuing performance for an indefinite time is to be interpreted as stipulating only for performance at the will of either party. Thus, an agreement to lease, without limitation of time, imposes a tenancy at will...").

6. If you determine that Mr. Lynch and Mr. Williams did breach the contract, you must then decide the amount of Mr. Keaney's damages, if any. The basic principle of contract damages is that the injured party should be put in as good a position as if the other party had fully performed its obligations under the contract. Mr. Keaney is entitled to recover damages sufficient to give him the benefit of his contractual bargain with Mr. Lynch and Mr. Williams, as long as such damages are reasonably proved. In other words, he is entitled to those damages that would put him in a position to obtain that which he has bargained to obtain, so far as compensation in money can be computed by rational methods upon a firm basis in fact. *Ambrogio v. Beaver Road Associates*, 267 Conn. 148, 836 A.2d 1183 (2003); see, *Levesque v. D & M Builders, Inc.*, 170 Conn. 117, 180-81, 365 A.2d 1216 (1976).

**Breach of Fiduciary Duty**

7. "Partnership means an association of two or more persons to carry on as co-owners of a business for profit..." General Statutes § 34-301(5). Further, a partnership agreement may be written, oral or implied. General Statutes § 34-301(6).

8. Despite operating as a corporation, you may find that Mr. Keaney, Mr. Lynch and Mr. Williams operated Eastern Computer Exchange, Inc. under a partnership agreement. See, *Bartomeli v. Bartomeli, et al.*, 64 Conn.App. 408, 413 (2001) ("Although we agree with the defendants' assertion that the company could not have been both a corporation and a partnership; *Karanian v. Maulucci*, 185 Conn. 320, 323-24, 440 A.2d 959 (1981); *we disagree with their assertion that because the company was not a partnership, there could not have been a partnership contract* (emphasis supplied)").

9. Further, you may find that the parties formed a valid partnership even though they did not complying with formalities, such as issuing K-1 statements and registering with the State of Connecticut. *Karanian v. Maulucci,* 185 Conn. 320, 323-24, 440 A.2d 959 (1981).

10. A partnership can be formed regardless of "whether or not the persons intend to form a partnership." General Statutes § 34-314.

11. If you find that Mr. Keaney, Mr. Lynch and Mr. Williams agreed to carry on as co-owners of a business for profit, you have found that a fiduciary relationship existed between the three parties because "partners are bound in a fiduciary relationship and act as trustees toward each other and toward the partnership." (Internal quotation marks omitted). *Oakhill Associates v. D'Amato,* 228 Conn. 723, 727, 638 A.2d 31 (1994). See also *Citibank (South Dakota), N.A. v. Gifesman,* 63 Conn.App. 188, 197, 773 A.2d 993 (2001) (in a partnership, a fiduciary duty is automatic).

12. Under Connecticut law, a fiduciary relationship is "characterized by a unique degree of trust and confidence between the parties, one of whom has a superior knowledge, skill or expertise and is under a duty to represent the interests of the other." *Dunham v. Dunham,* 204 Conn. 303, 322, 528 A.2d 1123 (1987); *Santopietro v. New Haven,* 239 Conn. 207, 213, fn. 8, 682 A.2d 106 (1996).

13. A fiduciary is a person holding the character of a trustee, or a character analogous to that of a trustee. A fiduciary "must at in scrupulous good faith and candor…and with the finest and undivided loyalty to the trust." *Martinelli v. Bridgeport Roman Catholic Diocesan Corp.,* 989 F.Supp. 110, 117 (D.Conn.1997), quoting, *Konover Development Corp. v. Zeller,* 228 Conn. 206, 220, 635 A.2d 798, 805 (1994). And this requirement means that he must act honestly, and with the finest and undivided loyalty to the trust, not merely with that standard of honor required of men dealing at arm's length. *Dunham v. Dunham,* 204 Conn. 303, 322, 528 A.2d 1123 (1987).

14. A fiduciary relationship does not need to be defined in precise detail, but rather exists where this is a justifiable trust "confided on one side and a resulting superiority and influence on the other." *Alaimo v. Royer,* 188 Conn. 36, 41, 448 A.2d 207 (1982) (internal quotation marks omitted). ("The Connecticut Supreme Court has refused to define a fiduciary relationship in precise detail and in such a manner as to exclude new situations, choosing instead to leave the bars down for situations in which there is a justifiable trust confided on one side and a resulting superiority and influence on the other.").

15. Under Connecticut law, "[i]t is a thoroughly well-settled equitable rule that any one acting in a fiduciary relation shall not be permitted to make use of that relation to benefit his own personal interest. This rule is strict in its requirements and in its operation. It extends to all transactions where an individual's personal interests may be brought into conflict with his acts in the fiduciary capacity, and it works

independently of the question whether there was fraud or whether there was good intention..." *Murphy v. Wakelee,* 247 Conn. 396, 401-402, 721 A.2d 1181 (1998), quoting *State v. Culhane,* 78 Conn. 622, 628, 63 A. 636 (1906).

16. The Connecticut Supreme Court has held that as a fiduciary, a partner has the duty, "of rendering true accounts and full information about anything which affects the partnership." *Konover Development Corp. v. Zeller,* 228 Conn. 206, 218-19, 635 A.2d 798 (1994). Moreover, once such a relationship is established, "the burden of proving fair dealing properly shifts to the fiduciary." *Id.,* at 219, 635 A.2d 798.

17. Therefore, if you find that a fiduciary relationship existed between Mr. Keaney, Mr. Lynch and Mr. Williams, the burden of proving fairness, honesty and fair dealing properly shifts to Mr. Lynch and Williams where they must prove their fair dealing by clear and convincing evidence. *Alaimo v. Royer,* 188 Conn. 36, 448 A.2d 207 (1982), citing, *Worobey v. Sibieth,* 136 Conn. 352, 359, 72 A.2d 80 (1949); Dobbs, Remedies (1973) § 10.4.

18. You must also determine whether Mr. Lynch and Mr. Williams fraudulently concealed from Mr. Keaney the true accounts and full information about the partnership, should you find one to have existed. Although fraudulent concealment generally requires an affirmative act of concealment, nondisclosure is sufficient when the defendant has a fiduciary duty to disclose material facts. See *Hamilton v. Smith,* 773 F.2d 461, 468 (2d Cir.1985) ("[t]o establish fraudulent concealment under Connecticut law, a plaintiff must show [inter alia] that ⋯ absent a fiduciary relationship, the defendant was guilty of some affirmative act of concealment"); *In re Colonial Ltd. Partnership Litigation,* 854 F.Supp. 64, 90 (D.Conn.1994) ("[a]bsent a fiduciary relationship, defendants must have been guilty of an affirmative act of concealment, of more than mere silence").

19. Therefore, if you find that a fiduciary relationship existed between Mr. Keaney, Mr. Lynch and Mr. Williams, you may find that Mr. Lynch and Mr. Williams fraudulently concealed from Mr. Keaney the true accounts and full information about the partnership by not disclosing this information to him.

20. If you find that Mr. Lynch and Mr. Williams fraudulently concealed the true accounts and full information about the partnership from Mr. Keaney, then you have found that Mr. Lynch and Mr. Williams breached their fiduciary duty towards Mr. Keaney. You may consider the amount of Mr. Keaney's damages, if any. In this connection you may award Mr. Keaney his share of the monies that he has shown that Mr. Lynch and Mr. Williams diverted to themselves.

**Unjust Enrichment**

21. When one person has obtained money or property from another under such circumstances that in good conscience it should not be retained, the law imposes a duty to repay or return it. This claims is called unjust enrichment. To seek recovery

for unjust enrichment, Mr. Keaney must prove: (1) that Mr. Lynch and Mr. Williams were benefited; (2) that Mr. Lynch and Mr. Williams unjustly did not pay him for the benefits; and (3) that the failure of payment was to his detriment. *Jewell v. Medical Protective Co.*, 2003 WL 22682332, slip op. at 2, D.Conn., Oct 30, 2003, quoting, *Hartford Whalers Hockey Club v. Uniroyal Goodrich Tire Co.*, 231 Conn. 276, 283, 649 A.2d 518 (1994).

22. "Unjust enrichment is a legal doctrine to be applied when no remedy is available pursuant to a contract." *Russell v. Russell*, 91 Conn.App. 619, 637-38, 882 A.2d 98, *cert. denied*, 276 Conn. 924 (2005). See 26 S. Williston, Contracts (4th Ed.2003) § 68:5.

23. "A right of recovery under the doctrine of unjust enrichment is essentially equitable, its basis being that in a given situation it is contrary to equity and good conscious for one to retain a benefit which has come to him at the expense of another." *Cagne v. Vaccaro*, 255 Conn. 390, 408, 766 A.2d 41 (2001).

24. If you find that Mr. Lynch and Mr. Williams were unjustly enriched to the detriment of Mr. Keaney, then you will find for Mr. Keaney in the amount of the detriment.

Respectfully submitted,

FRANK M. KEANEY,
By his attorneys,

**/s/ Evan T. Lawson**
Evan T. Lawson (CT12214)
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA  02210
(617) 439-4990
elawson@lawson-weitzen.com

Robert E. Kaelin (CT11631)
Murtha, Cullina, Richter and Pinney
Cityplace I, 185 Asylum Street
Hartford, CT 06103-3469
(860) 240-6036