**United States District Court**
DISTRICT OF CONNECTICUT

FRANK M. KEANEY
Plaintiff,

v.

December 18, 2006                    **3:03 CV 1893 (RNC)**

EASTERN COMPUTER EXCHANGE, INC.,
BRENDAN LYNCH, individually,
and
BARRY WILLIAMS, individually,
Defendants.

**PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE ARGUMENT, INTERROGATION
OR THE INTRODUCTION OF EVIDENCE OF HIS PERSONAL LIFE**

The Plaintiff Frank M. Keaney ("Keaney") hereby moves this honorable court *in limine* to preclude argument, interrogation or the introduction of evidence of Keaney's personal life, including his previous litigation, medical history, drinking habits, personal contact information and financial information. This evidence is not relevant because it has no consequence to the determination of this case. Further, the evidence creates the danger of unfair prejudice towards Keaney, confusion of the issues, is likely to mislead the jury, and will unduly delay this trial. Finally, evidence of Keaney's persona life is inadmissible conduct evidence as it is not probative of Keaney's character for truthfulness.

In support of this motion, Keaney submits a memorandum of law, which follows.

Respectfully submitted,

FRANK M. KEANEY,
By his attorneys,


 __/s/ Evan T. Lawson____.
Evan T. Lawson (CT12214)
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA  02210
(617) 439-4990
elawson@lawson-weitzen.com

Robert E. Kaelin (CT11631)
Murtha, Cullina, Richter and Pinney
Cityplace I, 185 Asylum Street
Hartford, CT 06103-3469
(860) 240-6036

**United States District Court**
DISTRICT OF CONNECTICUT

FRANK M. KEANEY
Plaintiff,

v.

December 18, 2006                                    **3:03 CV 1893 (RNC)**

EASTERN COMPUTER EXCHANGE, INC.,
BRENDAN LYNCH, individually,
and
BARRY WILLIAMS, individually,
Defendants.

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE ARGUMENT, INTERROGATION OR THE INTRODUCTION OF EVIDENCE OF HIS PERSONAL LIFE**

The Plaintiff Frank M. Keaney ("Keaney") hereby submits this memorandum in support of his motion *in limine* to preclude argument, interrogation or the introduction of evidence of Keaney's personal life, including his previous litigation, medical history, drinking habits, personal contact information and financial information.

### STATEMENT OF RELEVANT FACTS

Keaney brings this case against Lynch and Williams to recover his share of one-third (1/3) of the profits of Eastern Computer Exchange, Inc., which they promised to pay him in exchange for his business development knowledge and expertise.   He alleges breach of contract, breach of fiduciary duty and unjust enrichment.   During the discovery phase, on September 30, 2004, the defendants deposed Keaney for an entire day and questioned him on matters that do not pertain to this lawsuit and quite a few matters that were intentionally abusive and offensive. For example, the Keaney was deposed on the following topics (the transcript pages are attached as Exhibit A):

1

**Previous Litigation**
    Previous lawsuits: pp. 8-12
    Sexual harassment claims against him: pp. 14-15; 192-196
    DUI charges: pp. 44-45; 196-197
    Lawsuit regarding a faulty pipe on his property: pp. 52-53
    Lawsuit with Data General: pp. 54-61

**Medical History**
    Medications currently taking: pp. 12-14
    Medical diagnoses: pp. 197-198

**Drinking Habits**
    Types of alcohol Keaney prefers: p. 83
    Accusations of a drinking problem: pp. 257-258

**Personal Contact Information**
    Cell phone #; home phone #: p. 49
    Home phone # in Florida; fax #; Internet connection: p. 238

**Financial Information**
    Financial factoring arrangements on personal accounts: pp. 122-125; 139-141
    Whether audited by IRS: p. 208
    Keaney's net worth: p. 209
    Personal brokerage accounts; real property owned; personal finances: pp. 239-242; 244-245; 254-257
    Keaney's family trusts: pp. 250-252; 273-275
    FMK's business purpose: pp. 269-270
    Currently owned stock: pp. 275-276

These are the areas of inquiry that Keaney seeks to preclude from argument, interrogation and the introduction of evidence at trial (hereinafter referred to as "evidence of Keaney's personal life").

Further, on October 25, 2004, defendants served FleetBoston Financial Corporation with a subpoena, requesting that FleetBoston produce bank records of Keaney's personal finances and bank records of FMK Associates, Inc.  On October 29, 2004, Keaney moved for a protective order.  On December 14, 2004, the Court granted his motion, finding that "Plaintiff's personal finances are not relevant to the claims or defenses in this case."  See Exhibit B, p. 2.  In addition,

2

defendants took deposition of third parties, including Mark F. Murphy, Keaney's lawyer and accountant, who was questioned about Keaney's finances and factoring arrangements. It is clear from the discovery phase in this case that the defendants have an agenda that is designed to unnecessarily harass, annoy, and intimidate Keaney.

As discussed below, the defendants should be precluded from arguing, interrogating on or offering any evidence of Keaney's personal life at trial.

## ARGUMENT

I.   **Evidence of Keaney's personal life, including previous litigation, medical history, drinking habits, personal contact information, and financial information, should be excluded.**

   A.   **Evidence of Keaney's personal life is not relevant.**

Evidence is relevant if it "has tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *United States v. Clarke, et al.*, 390 F.Supp.2d 131, 134 (D.Conn.2005), citing, Fed.R.Evid. 401. "Evidence which is not relevant is not admissible." *United States v. Basciano, et al.*, 430 F.Supp.2d 87, 91 (E.D.N.Y.2006), citing, Fed.R.Evid. 402. The evidence of Keaney's personal life detailed above and delineated into five categories is not relevant in this case because the facts have no consequence to the determination of the case.

The claims in this case are breach of contract, breach of fiduciary duty and unjust enrichment. There are five categories of personal information that Keaney seeks to exclude during the trial of this case: (1) previous litigation; (2) medical history; (3) drinking habits; (4) personal contact information; and (5) financial information. The previous litigation Keaney was involved in has nothing to do with the claims and defenses in this case. At deposition, Keaney discussed a lawsuit involving a previous employer, Data General, where he was deposed twenty-

four years ago.  See Exhibit A, p. 9.  The others involved accusations of sexual harassment, charges of driving under the influence and a lawsuit Keaney and his late wife brought about a pipe that broke under their driveway.  See Exhibit A, pp. 14-15; 44-45; 52-53; 54-61; 192-197. None of these cases involve breach of contract, breach of fiduciary duty or unjust enrichment. Therefore, evidence of Keaney's previous litigation is not relevant to this case.  *United States v. Clarke, et al.*, supra.  In fact, any mention of these lawsuits by the defendants would simply be for the purpose of unnecessary harassment, annoyance, and intimidation of the witness.

Similarly, evidence of Keaney's medical history, drinking habits, personal contact information and financial information is not relevant to this case.  Clearly, Keaney's medical history, drinking habits and personal contact information have no bearing on the claims at issue. As for Keaney's financial information, the Court has already ruled that his personal finances are not relevant to the claims or defenses in this case.  See Exhibit B, p. 2.  His personal finances include his financial factoring arrangements, whether he has been audited, his net worth, brokerage accounts, real property owned, bank accounts, stock accounts, the business of FMK Associates, Inc. and his family trust accounts.  See *L-3 Communications Corp. v. OSI Systems, Inc.*, 2006 WL 988143, *6 (S.D.N.Y. 2006) (holding that evidence of wealth and lifestyle is "clearly irrelevant" and "its inclusion would be unfairly prejudicial") (attached as Exhibit C).

Accordingly, evidence of Keaney's personal life should be precluded from the argument, interrogation or introduction into evidence at trial.

**B.    Even if the Court determines that this evidence of Keaney's personal life is relevant, it should still be excluded because its probative value is outweighed by the danger of unfair prejudice towards Keaney.**

Even if the Court determines that evidence of Keaney's personal life is relevant, it should still be excluded under Fed.R.Evid. 403, which provides that otherwise relevant evidence should

4

be excluded if its probative weight is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waster of time, or needless presentation of cumulative evidence." If a district court concludes that the probative value of the evidence "could unduly inflame the passion of the jury, confuse the issues before the jury, or inappropriately lead the jury to [find facts] on the basis of conduct not at issue in the trial," the court may exclude such evidence under Rule 403. *United States v. Quattrone*, 441 F.3d 153, 186 (2d Cir.2006). Notwithstanding that it is irrelevant, the evidence of Keaney's personal life creates the danger of unfair prejudice towards him, will confuse the issues, is likely to mislead the jury, and will unduly delay this trial. There is no purpose, other to unnecessarily harass and intimidate Keaney, for allowing the jury to hear evidence of his previous litigation, medical history, drinking habits, personal information and finances. The presentation of this evidence will unduly prejudice Keaney and confuse the jurors. Accordingly, if the Court finds the evidence of Keaney's personal life relevant, it should be excluded on the basis that its probative value is outweighed by its prejudicial effect.

### C.   Even if the Court finds evidence of Keaney's personal life to be relevant and not prejudiced, it should be inadmissible conduct evidence as it is not probative of Keaney's character for truthfulness.

If the Court does not preclude evidence of Keaney's personal life under either Rules 402 or 403, it should preclude the evidence under Rule 608(b) because it is conduct evidence that has no bearing on Keaney's character for truthfulness. Fed.R.Evid. 608(b) provides, in part:

> Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' credibility…may…in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness.

"The first step in a 608(b) analysis is whether the specific conduct is probative of the witness' character for truthfulness or untruthfulness." *Sabir v. Jowett, et al.*, 143 F.Supp.2d 217, 218 (D.Conn.2001) (internal quotations and citations omitted). Here, the conduct evidence of Keaney's personal life does not relate to his character for truthfulness or untruthfulness.

The previous litigation he was involved in, including driving under the influence and sexual harassment charges, does not relate in any way to his propensity to tell the truth. Therefore, it has no probative value on the issue of Keaney's truthfulness for inquiry during cross-examination. See *L-3 Communications Corp. v. OSI Systems, Inc.*, 2006 WL 988143, *8 (S.D.N.Y. 2006) (holding that evidence of a sexual harassment charge was "irrelevant to the claims and defenses in this action and are not probative of [his] truth-telling tendencies") (attached as Exhibit C), citing, *United States v. Nosov*, 221 F.Supp.2d 445, 449 (S.D.N.Y.2002). In addition, Keaney's conduct with regard to alcohol consumption and the management of his financial affairs are equally as inadmissible because they have no bearing on his truthfulness or untruthfulness. Accordingly, evidence of Keaney's personal life should be excluded under Rule 608(b) because it is conduct evidence that is not probative of Keaney's truthfulness or untruthfulness.

## CONCLUSION

Accordingly, the Court should preclude argument, interrogation or introduction into evidence of Keaney's personal life on the grounds that it is not relevant, would result in undue prejudice to Keaney and is not probative of Keaney's truthfulness or untruthfulness.

6

Respectfully submitted,

FRANK M. KEANEY,
By his attorneys,


    /s/ Evan T. Lawson            .
Evan T. Lawson (CT12214)
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA  02210
(617) 439-4990
elawson@lawson-weitzen.com

Robert E. Kaelin (CT11631)
Murtha, Cullina, Richter and Pinney
Cityplace I, 185 Asylum Street
Hartford, CT 06103-3469
(860) 240-6036