## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FRANK M. KEANEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO.: 3:03CV1893 (RNC) |
| EASTERN COMPUTER EXCHANGE, | ) | |
| INC., a corporation, BRENDAN LYNCH, | ) | |
| an individual, and BARRY WILLIAMS, an | ) | |
| individual | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | February 25, 2007 |

### DEFENDANTS' RENEWED MOTION IN LIMINE
### TO PRECLUDE THE INTRODUCTION OF DEPOSITION TRANSCRIPTS
### FROM THE *MADISON REMARKETING* CASE

The Defendants, Brendan Lynch and Barry Williams, hereby renew their motion for an order of the Court to preclude the introduction into evidence of the deposition transcripts (or any portion of them) of Brendan Lynch and Barry Williams from the Madison Remarketing case. In support of this motion, the Defendants state the following.

Counsel for the Plaintiff has already made extensive use of the depositions of Mr. Lynch and Mr. Williams in this case as permitted by Fed. R. Evid. 32. The relevant deposition excerpts have been read to the jury and used for impeachment of the Defendants. There can be little dispute that reading the relevant excerpts and using the deposition for oral impeachment is the usual and accepted manner of use of such evidence

at trial.  See, e.g., 8A Wright and Miller, Federal Practice and Procedure, § 2152.1 (1994) ("the only way to present the deposition testimony would be to read from the written transcript of the deposition"); 7 Moore's Federal Practice, § 32.64[1] at 32-78.1 ("When a deposition is introduced in stenographic form, counsel for the offeror normally reads the transcript to the trier of fact, alone or with a colleague sitting in the witness chair.").

The use of these deposition transcripts at trial is governed, as indicated in the Defendants' Motion in Limine, by Fed. R. Civ. P. 32.  See 7 Moore's Federal Practice, § 32.61 at 32-67 (party may use deposition to the extent that it is admissible under the Federal Rules of Evidence and as long as the requirements of Rule 32 are otherwise met). In connection with the use of depositions from another case, such as Madison Remarketing, specific reference must be made to the requirements of Fed. R. Civ. P. 32(a)(4).  Pursuant to this rule, such depositions from a former action may be used, if certain conditions have been met:

(1) The deposition must have been lawfully taken and duly filed in the former action;

(2) The former action must have been brought on a court of the United States or of any state;

(3) Both actions must involve the same subject matter; and,

(4) Both actions involve the same parties or their representatives or successors in interest.

2

7 Moore's Federal Practice, § 32.63[1] at 32-73-32-74.  In the instant case, neither the third nor the fourth prerequisites for the introduction of these transcripts have been met. To the contrary, all of the witnesses who have testified, including Mr. Keaney, have testified that the Madison Remarketing case was not focused on the ownership of Eastern, Inc.  Moreover, the cases did not involve the same parties.  Mr. Lynch and Mr. Williams were mere third-party fact witnesses in the Madison case and, as such, there was no party present in the Madison case with the same motive to cross-examine any of the Madison witnesses on the tangential issue – in that case – about ownership of Eastern, Inc.  See  7 Moore's Federal Practice, § 32.63[2] at 32-76.  Such differences in subject matter and relative differences in motives to cross-examine and scope of cross-examination weigh heavily against permitting the depositions to be introduced in this case.  See id at 32-77.

Even if the criteria of Rule 32(a) are not met, the prior testimony may be independently admissible under the Federal Rules of Evidence.  See id.  Nevertheless, the fact that the foundation for the use of the Madison Remarketing depositions under Rule 32(a) cannot be met, counsels strongly in favor of not admitting the transcripts themselves into evidence.  As the Court is no doubt well-aware, the Rule 32(a) foundation criteria reflect the real-world concerns – that the Plaintiff in this case is trying to exploit – about prior testimony being taken out of context when there was no real identity of parties nor any incentive to cross-examine on the issue of ownership of Eastern, Inc.

As this Court has already noted, showing the pages from these depositions to the jury, or allowing the pages to be introduced into evidence, would unfairly elevate these isolated, out-of-context, oral statements from <u>Madison</u> <u>Remarketing</u> above the live testimony at trial.  <u>See</u>, <u>e.g.</u>, 8A Wright and Miller, <u>Federal Practice and Procedure</u>, § 2142 at 158 (the federal rules have not changed the long-established principle that testimony by deposition is less desirable than oral testimony and should ordinarily be used only if the witness is not available to testify in person).  This risk of undue emphasis of the deposition testimony, at the expense of live trial testimony, weighs heavily in favor of precluding the introduction of any portion of the transcripts into evidence.  <u>See</u>, <u>e.g.</u>, 8A Wright and Miller, <u>Federal Practice and Procedure</u>, § 2142 at 163 ("to permit the deposition to go to the jury room may result in the deposition being emphasized unduly as against the oral testimony of other witnesses" at trial); <u>Horton v. Mobile Cab and Baggage Co.</u>, 198 So.2d 619, 624 (1967); <u>see</u> generally 57 A.L.R.2d 1011, <u>Propriety and effect of jury in civil case taking depositions to jury room during deliberations</u>.

Depositions contain words that were spoken.  As such, they are fundamentally different than a written document that the author has the opportunity to consider at length.  The words in these depositions should be on the same footing as the other words that were spoken at the depositions in this case and at this trial.  Accordingly, the introduction of these transcripts should also be barred under Fed. R. Evid. 403 since the introduction of any portion of these transcripts, and thus their elevation over the other words spoken at trial, would be unfairly prejudicial to the Defendants and run the risk of confusing and

misleading the jury.

Moreover, the introduction of these depositions into evidence necessarily entails the relitigation of the <u>Madison</u> <u>Remarketing</u> case when none of the parties in the instant case was a party to the <u>Madison</u> case.  This presents real risks of jury confusion.  Indeed, while the Defendants unequivocally object to the introduction of any portions of the <u>Madison</u> <u>Remarketing</u> deposition transcripts into evidence, if the Court overrules this objection, fairness and the plain mandate of Fed. R. Civ. P. 32(a)(4) and Fed. R. Evid. 106 require that the entire transcripts be admitted, over the Defendants' objection, into evidence.  Additionally, if the Court allows the introduction of the <u>Madison</u> <u>Remarketing</u> depositions into evidence, because they reflect a position that the Defendants took previously, the Court should similarly admit the entire transcript of the Plaintiff from this case.  Unlike the <u>Madison</u> case, that was not focused on the ownership of Eastern Computer Exchange, Inc., in this case, Mr. Keaney testified:

> Q.    You would agree with me that if you are a part owner, you would be responsible for any losses that Eastern incurred?
>
> A.    I wasn't a part owner.

Keaney Depo., p. 230, l.7-11.  If the jury is going to see testimony in writing, surely – in the interests of fairness – it should see that.

For these reasons, and as expanded on at trial, the Court should adhere to its original ruling on this matter and preclude the introduction of the transcripts from <u>Madison Remarketing</u>.

Respectfully submitted,
The Defendants,
Brendan Lynch and Barry Williams,

s/ Jeffrey S. Beeler
By_____
Jeffrey S. Beeler (ct 26235)
(Admitted Pro Hac Vice)
Heinlein & Beeler, P.C.
207 Union Street
S. Natick, MA 01760
(508) 655-8700 (Tel.)
(508) 655-2700 (Fax)

Ann Grunbeck Monaghan
Federal Bar No.: ct16745
Gould, Gillin & Monaghan, P.C.
205 Old Boston Post Road
P.O. Box 524
Old Saybrook, CT 06475
(860) 388-0876 (T)
(860) 388-2642 (F)
Amonaghan@GouldGillin.com

**CERTIFICATION**

Pursuant to Fed. R. Civ. P. Rule 5(b) and D. Conn. L. Civ. R. 5, I hereby certify that a copy of the foregoing was served by first-class mail, postage prepaid, on this 25th day February to the following counsel of record:

Evan Lawson, Esq.
Kathryn Pieczarka, Esq.
Lawson & Weitzen, LLP
88 Black Falcon Avenue
Suite 345
Boston, MA 02210
(617) 439-4990

s/ Jeffrey S. Beeler
_____

Jeffrey S. Beeler